NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**CA 17-744**


**CRYSTAL R. MOFFETT AND MARCUS D. MOFFETT**

**VERSUS**

**MICHAEL LYONS, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 80484
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and D. Kent Savoie, Judges.


**AFFIRMED.**

**David R. Rabalais**
**The Dill Firm**
**825 Lafayette Street**
**Lafayette, LA 70502**
**(337) 261-1408**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Michael Lyons**
    **Houston Specialty Ins. Co.**
    **Shannon Gaspard Trucking, LLC**

**Bart J. Hebert**
**J. Brent Barry**
**Boyer & Hebert, LLC**
**401 E. Mills Avenue**
**Breaux Bridge, LA 70517**
**(337) 332-0616**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Crystal R. Moffett**
    **Marcus D. Moffett**

**SAVOIE, Judge.**

Defendants appeal the trial court's judgment denying their motion for court costs filed pursuant to La.Civ.Code art. 970. For the following reasons, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

This appeal arises from an auto accident between Plaintiff Crystal Moffett and Defendant Michael Lyons. Mrs. Moffett and her husband filed suit seeking damages allegedly resulting from the accident. On June 25, 2015, prior to trial, Defendants filed a motion for judgment on offer of judgment in accordance with La.Civ.Code art. 970 for $87,500 "inclusive of costs, interest, attorney's fees, and any other amount which may be awarded." Ultimately, the jury awarded Mrs. Moffett with a total of $40,000 in damages.[1]

On May 25, 2016, Defendants filed a motion to fix costs arguing that the $40,000 awarded by the jury was over 25% less than the amount they offered, and therefore, in accordance with La.Code Civ.P. art. 970, they were entitled to $51,521.73 in costs. On September 21, 2016, Plaintiffs filed a Motion to Tax Costs seeking a total of $33,126.95. A hearing was held on the parties' respective motions on November 3, 2016.

The trial court ultimately granted Plaintiffs' motion, and taxed as costs Plaintiffs' expenses totaling $14,473.93, which included: $2,031.79 for medical records expense; $7,885.00 as expert fees, and $4,557.14 in judicial interest. The judgment further ordered that each party bear their own court costs.[2]

---

[1] Plaintiffs' appeal of the damages award is at issue in *Moffett v. Lyons*, 17-742 (La.App. 3 Cir. __ / __/18), __ So.3d ___, wherein we increased the total damages awarded to $43,447.

[2] Plaintiffs' appeal of the portion of the trial court's judgment assessing each party with its own court costs is the subject of *Moffett v. Lyons*, 17-743 (La.App. 3 Cir. __ / __/18), __ So.3d ___, wherein we affirmed.

The trial court also denied Defendants' motion for costs. In its reasons for judgment, the trial court found that the total awarded was in fact less than 25% of the Defendants' offer, as contemplated by La.Code Civ.P. art. 970; however, it also found that because this article is punitive, and the total awarded was not much less than 75% of the offer, Plaintiffs were reasonable in going to trial.

Defendants appeal arguing that the trial court erred by "impos[ing] a 'reasonableness' requirement that is not found in the text or jurisprudence interpreting La. Code Civ. Proc. Art. 970."

## ANALYSIS

Louisiana Code of Civil Procedure Article 970 states in pertinent part as follows (emphasis added):

> A. At any time more than twenty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. . . .
>
> . . . .
>
> C. If the final judgment obtained by the plaintiff-offeree is at least **twenty-five percent less than the amount of the offer** of judgment made by the defendant-offeror . . . , the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.
>
> . . . .
>
> E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, **unless such amount was expressly included in the offer.**

We first consider whether the judgment against Defendants is at least twenty-five percent less than their $87,500 offer. In other words, for La.Code Civ.P. art. 970(C) to be applicable, the judgment against Defendants must be $65,625, or less.

Because Defendants' offer was inclusive of costs and interest, we consider the total amount of costs and interest assessed to the Defendants, in addition to the amount of damages awarded to Plaintiffs, when comparing the total judgment to Defendants' offer. Therefore, we calculate the amount of the judgment against Defendants for purposes of La.Civ.Code. art. 970 to be $66,475.86. This includes: $43,447.00 in damages awarded against Defendants;[3] $14,473.93 for Plaintiffs' expenses taxed as costs and legal interest; and $8,554.93 for Defendants' own court costs, which the trial court assessed to Defendants.[4] Because this amount is greater than $65,625.00, Defendants are not entitled to costs contemplated by La.Code Civ.P. art. 970(B). Therefore, the remainder of the issues raised by Defendants on appeal are moot.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment denying Defendants' motion to fix costs. Costs of this appeal are assessed to Defendants.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

[3] See *Moffett v. Lyons*, 17-742 (La.App. 3 Cir. __ / __/18), __ So.3d ___, wherein we increased the total damages awarded to $43,447.

[4] We note that in its written reasons, the trial court calculated the amount of the judgment against Defendants for purposes of La.Code Civ.P. art. 970 using the *Plaintiffs'* court costs, which may have been inadvertent given the total was similar in number to *Defendants'* costs. However, Defendants were not cast with Plaintiffs' court costs therefore we do not consider Plaintiffs' costs in our calculation.